Rockingham
No. 78-066

STONEY–BROOK DEVELOPMENT CORPORATION

v.

TOWN OF PEMBROKE

November 17, 1978

*Casassa, Mulherrin & Ryan*, of Hampton (*David A. Riggs* orally), for the plaintiff.

*L. Wilder Quint*, of Concord, by brief and orally, for the defendant.

BOIS, J.    This is a petition for injunction and declaratory judgment. Basically the plaintiff challenges the validity and application of Pembroke's "slow growth" ordinance. Hearing by the Court (*Bean*,

J.) resulted in the filing of an agreed statement of facts and the transfer of the following question without ruling:

Are the 1960 Subdivision ordinances and the Amendments thereto, including the July 26, 1977 Amendments, legal and enforceable under the New Hampshire Revised Statutes Annotated and the applicable case law?

The pertinent part of the July 26, 1977 amendment (article 4) to the 1960 subdivision ordinances and amendments thereto is as follows:

B. Amend said ordinance by adding the following new section:

1. A. Limitation: Notwithstanding any other provisions of this ordinance no owner of land of record shall subdivide his land into more than five (5) building lots in any one calendar year.

We focus our attention on the town's main contention that the change contained (and adopted) in the warrant for a special town meeting was "not subdivision regulation, but is regulation for the general welfare of the town." The defendant argues that "[T]his statute was enacted under RSA 31:39 for the purpose of the orderly operation of the town." RSA 31:39 (Supp. 1977) empowers towns to pass bylaws "for making and ordering their prudential affairs."

Even if this is not an attempt by the town meeting to act on subdivision regulations, but is rather an exercise of its power under RSA 31:39, we hold this to be an impermissible and invalid attempt to exercise its police power to regulate a subject matter such as would require compliance with RSA 36:19–29. This is in accord with our decision today in a detailed opinion invalidating a similar police power "growth" limiting ordinance enacted pursuant to the general police power. *Beck v. Town of Raymond*, 118 N.H. 793, 394 A.2d 847 (1978).

We are cognizant of the problems facing communities throughout the State caused by the rapid increase in population. This court, however, is not the appropriate governmental branch to accommodate those concerns by interpreting a legislative mandate in a strained manner. In the light of our holding herein, we need not decide any other question posed by this appeal.

*Remanded.*

All concurred.